## DEWINE ELECTRIC CO. v. RIKER.

No. 21357. Opinion Filed Oct. 18, 1932.
Rehearing Denied Nov. 22, 1932.

Merrick A. Whipple and O. C. Essman, for plaintiff in error.

Clarence Campbell and G. C. McDonald, for defendant in error.

KORNEGAY, J. This case comes from the court of common pleas of Tulsa county. Plaintiff sued for $160 for balance of wages and one-half of $2,100, claimed as being half of the profits of the construction of "the Coliseum building." Defendant is a corporation and had an opportunity, with fair show of legality, to have the case tried by the court, but let its opportunity escape by objecting to the suggestion. It was tried by a jury accordingly, which rendered a verdict for $741.37 plus interest at 6 per cent. from April 26, 1929.

Motion for new trial was had, based on affidavits as to misconduct of plaintiff's attorney in the closing argument to the jury, in stating to the jury that he had other demands against the president of the defendant corporation, and he never paid his obligations, and therefore demand was use-

less. However, the case-made is silent as to this matter, and the affidavits do not show that any objections were raised at the time or any requests to the court to direct the jury to disregard the remarks, and in the argument contained in the briefs the matter appears to have been abandoned.

Some errors were complained of in the admission and rejection of testimony, but these are not here urged under three subdivisions, as follows:

"We present our case for reversal under the following propositions:

"1. Plaintiff's evidence to establish a contract is so overwhelmingly improbable and is so opposed to common sense and common experience that it should now be held a nullity by this court.

"2. The books show that the Coliseum job was completed at a loss, hence the verdict allowing a judgment for profits is in conflict and contrary to the evidence.

"3. The verdict is not reasonably supported by the evidence."

The evidence was in as sharp conflict as the statement of contention. The jury could have believed the defendant's witnesses and found for the defendant. They could have believed one of the defendant's witnesses in some particulars and some of plaintiff's witnesses and reached a verdict similar to the one they did reach, or they could have believed all the testimony of the plaintiff and found a larger one. Under the conditions, the lower court was in better shape to pass upon the sufficiency of the evidence to sustain the verdict than this court. Under these conditions its actions should not be disturbed.

The cause is accordingly affirmed.

LESTER, C. J., and HEFNER, SWINDALL, and McNEILL, JJ., concur. CLARK, V. C. J., and RILEY, CULLISON, and ANDREWS, JJ., absent.